■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD ADELSTEIN, Appellant.— Appeal (1) from a judgment of the County Court, Nassau County, sentencing appellant, after he had been found guilty by a

jury of extortion (3 counts), to serve concurrent terms of from 5 to 10 years on each count, and (2) from all of the intermediate orders made and entered therein. Judgment reversed upon the law and the facts, indictment dismissed, and bail exonerated. Appellant, together with Vincent J. Squillante and Nunzio Squillante, was indicted for extortion. Appellant is a business manager and officer of a local union comprised of workers engaged in removing garbage and rubbish for employers known as cartmen. At his direction an employee of the local union informed the owners of three stores named in the indictment that unless they ceased doing business with a nonunion cartman and, instead, selected a cartman from a list of nine firms approved by the local union, their stores would be picketed. The Squillante brothers own and control, at least in part, two of the nine firms whose names appear on the list. The gravamen of the offense is that the appellant and his codefendants, aiding and abetting each other, used the threat of picketing as a device for their individual benefit and to force the owners of the stores to retain the services of cartmen in whose firms the Squillantes had an interest, particularly the General Sanitation Service Corporation. That corporation was chosen by the owners of the three stores because it was the first name on the list proffered by the local union's representative. The corporation had a contract in 1955 with the local union, produced under circumstances which engender suspicion as to its validity, but it did not make contributions in 1955 to the local union as required of union cartmen. Some names on the list were those of union cartmen, most of whom, however, required a license if carting was to be done in Nassau County. The proof was insufficient to establish beyond a reasonable doubt (1) that appellant was actuated by the purpose of obtaining a financial benefit for himself or his codefendants and was not attempting in good faith to advance the cause of unionism, or (2) that there was any relationship among appellant and his codefendants which would sustain the inference that they aided each other in securing any personal benefit from the termination of the services of the nonunion cartmen. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, the proof in this record establishes beyond a reasonable doubt the guilt of appellant and his codefendants of the crime of extortion. Murphy, J., deceased.